People v Harrison (2026 NY Slip Op 01609)

People v Harrison

2026 NY Slip Op 01609

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Moulton, J.P., Friedman, Gesmer, O'Neill Levy, Chan, JJ. 

Ind No. 71316/22|Appeal No. 6165|Case No. 2023-03935|

[*1]The People of the State of New York, Respondent,
vChristopher Harrison, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Brian Witthuhn of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Dineen Riviezzo, J.), rendered June 14, 2023, convicting defendant, upon his plea of guilty, of criminal possession of a firearm, and sentencing him to 5 years of probation, unanimously modified, on the law, to the extent of striking the conditions of probation requiring him to pay the mandatory surcharge and associated fees and directing him to "refrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang if directed by the Department of Probation," and otherwise affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US 1302 [2020]), which forecloses review of his excessive sentence claim (see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]). As an alternative holding, we perceive no basis to reduce his sentence. 
Defendant's facial Second Amendment challenge survives his waiver of the right to appeal, and he has standing to bring it despite his never having applied for a gun license (see People v Johnson, — NY3d &mdash, 2025 NY Slip Op 06528, *2 [2025]). However, the contention is unpreserved and we decline to review it in the interest of justice (see id.) As an alternative holding, we find the claim unavailing (see People v Balogh, 245 AD3d 572, 573 [1st Dept 2026]).
Defendant's ineffective assistance claim based on trial counsel's failure to raise his Second Amendment claim is unreviewable at this time because it involves matters not reflected in the record and thus must first be raised in a CPL 440.10 motion (see People v Subonteng, 245 AD3d 571, 572 [1st Dept 2026]).
Defendant's challenge to three conditions of his probation survives his waiver of the right to appeal and does not require preservation (see Lowndes, 239 AD3d at 575). Condition 7, which requires defendant to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and [to] not consort with disreputable people" was providently imposed, since, given that defendant was found in possession of a loaded firearm, it is reasonably related to ensuring that defendant 'will lead a law-abiding life or to assist him to do so' (Penal Law § 65.10[1]; Balogh, 245 AD3d at 573). The constitutional challenge to condition 7 is unpreserved, and we decline to review it in the interest of justice (see Lowndes, 239 AD3d at 575).
However, condition 10, which requires defendant to pay charges and fees associated with his conviction, is not related to ensuring that he leads a law-abiding life, nor is it reasonably related to his rehabilitation (see People v Percy, 234 AD3d 619, 620 [1st Dept 2025]). Condition 24, which concerns gang affiliation, is not related to defendant's rehabilitation as "there is no evidence that defendant's crime was connected to any gang activities or that he has any history of gang membership or gang affiliation" (People v Holguin, 243 AD3d 419, 420 [1st Dept 2025], lv denied 44 NY3d 1066 [2026]). We note that the People do not take a position with respect to the merits of either condition 10 or 24. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026